005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

ERICA MERCADO,

                Plaintiff,

    -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
------------------------------------------------------------------X

Index No. 524866/2020

NOTICE TO COURT
OF REMOVAL

The Defendant, SCHINDLER ELEVATOR CORPORATION, in accordance with 28

U.S.C. §1446, hereby files with the Clerk of this Court a copy of its Jury Demand and Notice of

Removal, which were filed in the United States District Court for the Eastern District of New York

on February 14, 2021. Federal Law provides that with the filing of this notice, removal is affected

"and the State Court shall proceed no further..." (28 U.S.C. §1446(d)).


Dated: Woodbury, New York
      February 14, 2022

                    Yours, etc.

                    KELLER, O'REILLY & WATSON, P.C.

                    BY:_____
                        PATRICK J. ENGLE
                    *Attorneys for Defendant*
                    SCHINDLER ELEVATOR CORPORATION
                    242 Crossways Park West
                    Woodbury, New York 11797
                    (516) 496-1919

TO:   SUBIN ASSOCIATES, LLP
      *Attorneys for Plaintiff*
      150 Broadway – 23rd Floor
      New York, New York 10038
      (212) 285-3800
      File No. 30620

005-469

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ERICA MERCADO,

                              Plaintiff,

                                                    JURY DEMAND

        -against-

SCHINDLER ELEVATOR CORPORATION,

                              Defendant.
----------------------------------------------------------------------X

SIRS:

        PLEASE TAKE NOTICE, that the undersigned demands a trial by jury composed of six

(6) persons in the above-entitled action.

Dated:  Woodbury, New York
        February 14, 2022                 Yours, etc.

                                          KELLER, O'REILLY & WATSON, P.C.

                                          BY:_____
                                                PATRICK J. ENGLE
                                          *Attorneys for Defendant*
                                          SCHINDLER ELEVATOR CORPORATION
                                          242 Crossways Park West
                                          Woodbury, New York 11797
                                          (516) 496-1919

TO:     SUBIN ASSOCIATES, LLP
        *Attorneys for Plaintiff*
        150 Broadway – 23rd Floor
        New York, New York 10038
        (212) 285-3800
        File No. 30620

005-469

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ERICA MERCADO,

                            Plaintiff,

       -against-

SCHINDLER ELEVATOR CORPORATION,

                            Defendant.
--------------------------------------------------------------------X

                                          NOTICE OF REMOVAL
                                          OF CIVIL ACTION

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF NEW YORK:

       The removing party, SCHINDLER ELEVATOR CORPORATION, by its attorneys,

Keller, O'Reilly & Watson, P.C., respectfully show this Court:

   1.   The removing party is the defendant in the above-entitled action;

   2.   The above-entitled action was commenced with the filing of the Summons and
        Complaint by plaintiff's counsel with the Clerk of the Supreme Court of the State
        of New York, County of Kings, under Index No. 524866/2020, on or about
        December 14, 2020, and said action is now pending therein;

   3.   Issue was joined as to the defendant, the moving party, on or about January 25,
        2021, with the service of a Verified Answer and initial discovery demands,
        including a demand for a bill of particulars, on the defendant's behalf;

   4.   By letter dated February 3, 2022, moving counsel received from plaintiff's counsel
        a Verified Bill of Particulars and plaintiff's Response to Discovery Demands;

   5.   In plaintiff's Bill of Particulars, plaintiff is alleging lost wages and special damages
        in excess the amount in controversy as required by 28 USC §1332(a);

   6.   In plaintiff's Response to Defendant's Notice for Demand pursuant to CPLR §3017,
        plaintiff states "to be determined by the finders of fact."

   7.   As per plaintiff's Summons and Complaint, the plaintiff is a resident of the State of
        New York;

8.   The defendant, Schindler Elevator Corporation, is a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of New Jersey;

9.   The above-entitled action is a civil action seeking the recovery of monetary damages for personal injuries allegedly sustained by the plaintiff on May 28, 2018 in an elevator at NYU Langone Hospital, 301 East 17th Street, New York, New York.

10.  Copies of the plaintiff's Summons and Complaint, defendant's Verified Answer, defendant's initial discovery demands including the Demand Pursuant to CPLR §3017, and Plaintiff's Bill of Particulars and Response to Discovery Demands dated August 27, 2021 stating the damages sought is in excess of the amount in controversy as required by 28 USC §1332(a), are annexed hereto as Exhibit "A".

11.  This Court has original jurisdiction of the above-entitled matter pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this court pursuant to 28 U.S.C. §1446(d).

12.  This removing party will give written notice of the filing of the Notice of Removal to plaintiff's counsel as required by 28 U.S.C. §1446(d), and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings, as required by that section.

WHEREFORE, this removing party prays that the above-entitled action be removed from the Supreme Court from the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated: Woodbury, New York
       February 14, 2022

Yours, etc.
KELLER, O'REILLY & WATSON, P.C.

BY: _____
      PATRICK J. ENGLE (PJE 4257)
*Attorneys for Defendant*
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
(516) 496-1919

TO:   SUBIN ASSOCIATES, LLP
      *Attorneys for Plaintiff*
      150 Broadway – 23rd Floor
      New York, New York 10038
      (212) 285-3800
      File No. 30620

2

FILED: KINGS COUNTY CLERK 12/14/2020 10:26 AM

NYSCEF DOC. NO. 1

INDEX NO. 524866/2020

RECEIVED NYSCEF: 12/14/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

ERICA MERCADO,

                              Plaintiff(s),

        -against-

SCHINDLER ELEVATOR CORPORATION,

                              Defendant(s).

-------------------------------------------------------------------X

**SUMMONS**

Index No.:
Date Purchased
Plaintiff designates KINGS
County as the place of trial.
The basis of venue is:
Plaintiff's residence
797 Schenck Avenue
Brooklyn, New York

County of KINGS

To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       December 10, 2020

                    **PETER MAY, ESQ.**
                    **SUBIN ASSOCIATES LLP**
                    Attorneys for Plaintiff
                    Address and Telephone Number
                    150 Broadway – 23rd Floor
                    New York, New York 10038
                    (212) 285-3800
                    File No.: 30620

Defendants Address:

SCHINDLER ELEVATOR CORPORATION
20 Whippany Road
Morristown, New Jersey 07960

FILED: KINGS COUNTY CLERK 12/14/2020 10:26 AM
NYSCEF DOC. NO. 1

INDEX NO. 524866/2020
RECEIVED NYSCEF: 12/14/2020

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
ERICA MERCADO

                   Plaintiff(s),                 **VERIFIED COMPLAINT**

     -against-

SCHINDLER ELEVATOR CORPORATION

                Defendant(s).
-------------------------------------------------------------X

Plaintiff, **ERICA MERCADO**, complaining of the defendant(s) by her attorney, **SUBIN ASSOCIATES LLP**, upon information and belief, respectfully allege(s):

1. That at all the times herein mentioned, the defendant SCHINDLER ELEVATOR CORPORATION, was and now is a corporation doing business in the State of New York.

2. That at all the times herein mentioned, the defendant SCHINDLER ELEVATOR CORPORATION, was and now is a partnership doing business in the State of New York.

3. That at all the times herein mentioned, the defendant SCHINDLER ELEVATOR CORPORATION, was the owner of the premises known as The Port Authority Bus Terminal located at Eighth Avenue and West 41st Street, New York, New York which included elevators.

4. That at all the times herein mentioned, the defendant SCHINDLER ELEVATOR CORPORATION, its agents, servants and/or employees operated the aforementioned premises including the elevators.

5. That at all the times herein mentioned, the defendant SCHINDLER ELEVATOR CORPORATION, its agents, servants and/or employees maintained the aforementioned premises including the elevators.

6. That at all the times herein mentioned, the defendant SCHINDLER ELEVATOR CORPORATION, its agents, servants and/or employees managed the aforementioned premises including the elevators.

FILED: KINGS COUNTY CLERK 12/14/2020 10:26 AM
NYSCEF DOC. NO. 1

INDEX NO. 524866/2020
RECEIVED NYSCEF: 12/14/2020

7. That at all the times herein mentioned, the defendant SCHINDLER ELEVATOR CORPORATION, its agents, servants and/or employees controlled the aforementioned premises including the elevators.

8. That at all the times herein mentioned, it was the duty of the defendant(s), its agents, servants and/or employees to keep and maintain said premises in a reasonable state of repair and in a good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

9. That at all the times herein mentioned, the plaintiff was lawfully upon the aforesaid premises.

10. That on or about 5/28/2018, while plaintiff ERICA MERCADO was lawfully in the aforementioned premises plaintiff was caused to be injured by reason of the willful, wanton and gross negligence, carelessness and want of proper care of the defendant(s), its agents, servants and/or employees.

11. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly by reason of the negligence, willful, wanton and gross negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said premises, particularly the elevator to be, become and remain in a dangerous, defective and/or structurally defective, hazardous, unsafe, broken, cracked, uneven, holey, chipped, peeling, loose condition; in allowing and permitting said elevator to be and remain in such a state of disrepair and/or negligent repair for such a long and unreasonable length of time so as to cause injuries to the plaintiff; in failing to repair and in improperly repairing; in creating and maintaining a menace, hazard, nuisance and trap thereat, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time; in failing to properly maintain said premises and in improperly maintaining said premises; in causing, allowing, permitting and/or failing to prevent said elevator from functioning improperly; starting and/or stopping and/or reversing direction abruptly; in causing, allowing and/or permitting said elevator to be improperly running, timed, sequenced and/or adjusted; in failing to apprise and/or warn the public and in particular the plaintiff, of the aforementioned conditions; in failing to place signs, barricades, warnings and/or

other devices to apprise persons of the dangerous, defective and/or unsafe condition so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and in failing to comply with the statutes, ordinances, rules and regulations made and provided for the safe and proper operation of said premises.

12. That this action falls within one or more of the exceptions set forth in CPLR 1602.

13. Both actual and constructive notice are claimed. Actual notice in that the defendants, their agents, servants and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that the condition existed for a long and unreasonable period of time.

14. That by reason of the foregoing, plaintiff ERICA MERCADO was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage, both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

**WHEREFORE**, the plaintiff(s) demands judgment against the defendants on the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court, together with the costs and disbursements of each cause of action.

DATED:   New York, New York
December 10, 2020

Yours, etc.

**PETER MAY, ESQ.**
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs

FILED : KINGS COUNTY CLERK 12/14/2020 10:26 AM

NYSCEF DOC. NO. 1

INDEX NO. 524866/2020

RECEIVED NYSCEF: 12/14/2020

150 Broadway
New York, New York 10038

FILED: KINGS COUNTY CLERK 12/14/2020 10:26 AM

NYSCEF DOC. NO. 1

INDEX NO. 524866/2020

RECEIVED NYSCEF: 12/14/2020

STATE OF NEW YORK   )
                      ) ss:
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated:  New York, New York
          December 10, 2020

                                       **PETER MAY, ESQ.**

FILED: KINGS COUNTY CLERK 12/14/2020 10:26 AM
NYSCEF DOC. NO. 1

INDEX NO. 524866/2020
RECEIVED NYSCEF: 12/14/2020

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
ERICA MERCADO

                    Plaintiff(s),

      -against-

SCHINDLER ELEVATOR CORPORATION

                  Defendant(s).
------------------------------------------------------------------------X

==============================================

## SUMMONS AND VERIFIED COMPLAINT

==============================================

SUBIN ASSOCIATES, LLP
Attorney(s) for Plaintiff(s)
Address and Telephone Number
150 Broadway 23 Floor
New York, New York 10007
(212) 285-3800
File No.: 30620

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF** KINGS

-------------------------------------------------------------------x

ERICA MERCADO

Plaintiff/Petitioner,

- against -                                                        Index No. 524866/2020
SCHINDLER ELEVATOR CORPORATION

Defendant/Respondent.

-------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

EFM-1

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:  12/14/2020


                                          150 BROADWAY
            Name                               Address

                                          NEW YORK
SUBIN ASSOCIATES, LLP
            Firm Name


            E-Mail                             Phone



To:    SCHINDLER ELEVATOR CORPORATION

       _____

       _____


                                                    12/14/17



Index  #  524866/2020          Page 2  of 2                    EFM-1

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
ERICA MERCADO,

                              Plaintiff,

      -against-

SCHINDLER ELEVATOR CORPORATION,

                              Defendant.
------------------------------------------------------------------X

Index No. 524866/2020

**VERIFIED ANSWER**

Defendant, SCHINDLER ELEVATOR CORPORATION, by its attorneys, KELLER, O'REILLY & WATSON, P.C., answering the Verified Complaint of the plaintiff herein, upon information and belief:

    1.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in the form stated in paragraph designated "1" of the Verified Complaint, except admits that Schindler Elevator Corp. is a foreign corporation doing business in the State of New York.

    2.    Denies each and every allegation contained in paragraphs designated "2", "3", "4", "5", "6", "7", "8", "10", "11", "13", and "14" of the Verified Complaint.

    3.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in the form stated in paragraphs designated "9", and "12" of the Verified Complaint and leaves all questions of law to the Court and all questions of fact to the jury at the time of trial of this matter.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE VERIFIED COMPLAINT, ANSWERING
DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

4.     The alleged cause of action asserted by plaintiff in paragraphs "1" through "14" fails to state a cause of action in that, upon information and belief, the defendant did not own, operate, maintain, and/or control the premises, including the elevators, at the Port Authority bus terminal at Eighth Avenue and West 41st Street, New York, New York, on or about 5/28/2018 and, as such, does not contain any allegations of injury to the plaintiff for which this answering defendant can be held liable.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE VERIFIED COMPLAINT, ANSWERING
DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

5.     Any recovery or verdict against this answering defendant must be reduced by virtue of the failure of plaintiff to have exercised due care to avoid, eliminate and/or mitigate the injury and/or damages allegedly sustained.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE VERIFIED COMPLAINT, ANSWERING
DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

6.     This defendant will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION
IN THE VERIFIED COMPLAINT, ANSWERING
DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

7.     Upon information and belief, the injury sustained by the plaintiffs was not as the result of any culpable conduct of the defendant herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of the plaintiffs which contributed to the culpable conduct that caused the injury.

WHEREFORE, defendant, SCHINDLER ELEVATOR CORPORATION, demands judgment dismissing the Verified Complaint herein, together with interest, costs, disbursements or judgment over, as may be required by law.

Dated: Woodbury, New York
       January 25, 2021

                                        Yours, etc.

                                        KELLER, O'REILLY & WATSON, P.C.

                                        BY: _____
                                            KEVIN W. O'REILLY
                                            Attorneys for Defendant
                                            SCHINDLER ELEVATOR CORPORATION
                                            242 Crossways Park West
                                            Woodbury, New York 11797
                                            (516) 496-1919

TO:    PETER MAY, ESQ.
       SUBIN ASSOCIATES, LLP
       *Attorneys for Plaintiff*
       150 Broadway – 23rd Floor
       New York, New York 10038
       (212) 285-3800
       File No. 30620

3

## **VERIFICATION**

KEVIN W. O'REILLY, an attorney admitted to practice law in the Courts of the State of New York, hereby affirms as true under all penalties of perjury that: I am the attorney of record for defendant, SCHINDLER ELEVATOR CORPORATION, in the within action; I have read the foregoing Answer to the Verified Complaint, and know the contents thereof; the same is true to my knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.  The reason this verification is made by me and not by defendant is that defendant is not located within the same county wherein your affirmant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  by a file maintained in my office.

Dated: Woodbury, New York
        January 14, 2021

_____
        KEVIN W. O' REILLY

4

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ERICA MERCADO,

                        Plaintiff,

    -against-

SCHINDLER ELEVATOR CORPORATION,

                      Defendant.
-------------------------------------------------------------------X

Index No. 524866/2020

**NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION**

C O U N S E L O R S :

    **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules of Testimony, oral examination of plaintiff, as an adverse party, will be taken before a notary public, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the offices of KELLER, O'REILLY & WATSON, P.C., 242 Crossways Park West, Woodbury, New York, on the 22<u>nd</u> day of February, 2021 at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action.

    That the said person to be examined is required to produce at such examination the following: any and all records, reports, correspondence and documents relating to the subject matter of this action.

Dated: Woodbury, New York
      January 25, 2021

Yours, etc.

KELLER, O'REILLY & WATSON, P.C.

BY: _____
      KEVIN W. O'REILLY
Attorneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
(516) 496-1919

TO:    PETER MAY, ESQ.
      SUBIN ASSOCIATES, LLP
      *Attorneys for Plaintiff*
      150 Broadway – 23rd Floor
      New York, New York 10038
      (212) 285-3800
      File No. 30620

2

Case 1:22-cv-00828-PMC   Document 1   Filed 03/14/22   Page 20 of 79 PageID #: 192 524866/2020
RECEIVED NYSCEF: 01/25/2021

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
ERICA MERCADO,

        Plaintiff,

  -against-

SCHINDLER ELEVATOR CORPORATION,

        Defendant.
-----------------------------------------------------------------X

Index No. 524866/2020

**DEMAND FOR
VERIFIED BILL
OF PARTICULARS**

COUNSELORS:

  PLEASE TAKE NOTICE, that the above-named defendant, SCHINDLER ELEVATOR CORPORATION, demands that a verified bill of particulars be served and filed herein within twenty (20) days, setting forth in detail the following:

  1.  The date of birth of the plaintiff(s).

  2.  The address of the plaintiff(s).

  3.  The Social Security number of the plaintiff(s).

  4.  The date and time of day of the occurrence.

  5.  The exact location on the premises where it is alleged that the accident occurred so that the location can be readily identified.

  6.  State whether the alleged accident occurred on an elevator, escalator, or electric walk and, if so, provide the following information:

    A.  The location of the elevator, escalator or electric walk-in sufficient detail to permit definite identification, specifying distances and direction from fixed and permanent points within the subject premises;

    B.  Where on said elevator, escalator or electric walk the alleged accident occurred;

    C.  Identify said elevator, escalator or electric walk by N.Y.C. Inspection number, by number designated by the owner of the premises or by any other designation known to plaintiff(s)

D. If the accident occurred on an elevator, state what floor plaintiff claims to have entered the elevator, and whether said elevator was going up or down at the time.

E. If the accident occurred on an escalator, state if it was on an up escalator or down escalator.

7. A statement of the acts or omissions constituting the negligence claimed.

8. State whether actual or constructive notice is claimed.

9. If actual notice is claimed, provide the following information:

A. When said actual notice was given;

B. Where said actual notice was given;

C. By whom said actual notice was given;

D. To whom said actual notice was given;

E. Whether said actual notice was given orally or in writing;

F. If orally, state the sum and substance of the actual notice so given;

G. If written, identify any document(s) setting forth said actual notice.

10. If constructive notice is claimed, state the following:

A. Description of the condition which existed;

B. Length of time it is claimed said condition existed;

C. Specific location where it is claimed said condition existed, specifying distances and direction from fixed and permanent points within the subject premises;

D. Name(s) and address(es) of each and every person who was witness to the existence of the claimed condition and date(s) and time(s) said condition was witnessed.

11. Set forth by section and title the rules, regulations, ordinances and statutes which it is claimed were violated by this answering defendant.

2

Case 1:22-cv-00828-BMC  Document 1  Filed 02/14/22  Page 22 of 79 PageID #: 195

12.     A statement of the injuries alleged to have been proximally caused by the negligence of this answering defendant.

13.     A description of those injuries set forth above which are claimed to be permanent.

14.     If plaintiff claims that he/she was confined to bed as a result of this answering defendant's negligence, state the length of time plaintiff was confined to bed and the date(s) of such confinement.

15.     If plaintiff claims that he/she was confined to home as a result of this answering defendant's negligence, state the length of time plaintiff was confined to home and date(s) of such confinement.

16.     If plaintiff claims that he/she was confined to any hospital(s) as a result of this answering defendant's negligence, state the following:

        A.     Name(s) and address(es) of any hospital(s) to which plaintiff was confined, including any visit(s) to emergency rooms and out-patient clinics;

        B.     Date(s) of any such confinement(s);

        C.     Hospital identification number from any such confinement(s);

        D.     Name(s) and address(es) of any physician(s) or health care provider(s) who attended to plaintiff during any such confinement(s).

17.     If plaintiff claims that he/she was caused to undergo any X-ray(s), CAT-scan(s), MRI(s) or other diagnostic test(s) as a result of this answering defendant's negligence, state the following:

        A.     Date(s) taken;

        B.     Part(s) of the body involved;

3

INDEX NO. 504866/2020
RECEIVED NYSCEF: 01/25/2021

 

 

C.      Name(s) and address(es) of facility where taken;

D.      Name(s) and address(es) of any physician(s) or health care provider(s) who either performed or interpreted any such diagnostic test(s).

18.    If plaintiff claims damages for loss of earnings or earning capacity as a result of this answering defendant's negligence, state the following:

A.      Name and address of plaintiff's employer as of the date of the accident;

B.      Date of commencement of employment with said employer and, if no longer employed, date of termination of employment;

C.      Length of time plaintiff was incapacitated from employment and the date(s) of said incapacitation;

D.      Job title of the plaintiff and description of the work performed as of the date of the accident;

E.      Plaintiff's weekly earnings as of the date of the accident and average weekly earnings for last two years prior thereto;

F.      If plaintiff was employed for less than five years with employer designated in subparagraph (A), name(s) and address(es) of any other employer(s) of plaintiff within said time period, job title(s) and description(s) of work performed and average weekly earnings.

G.      State the total amount of damages claimed for loss of earnings to date and, if applicable, future loss of earnings and/or earning capacity.

19.    Total amounts claimed by plaintiff as special damages for the following, specifying amounts claimed for past and future damages:

A.      Physicians' services
B.      Hospital expenses
C.      Medical supplies
D.      Nursing services and/or custodial care
E.      Radiological services and diagnostic tests
F.      Miscellaneous expenses not enumerated above.

20.    If plaintiff has been reimbursed for any special damages claimed in paragraph 20, state the following:

4

A.      Name(s) and address(es) of any source of reimbursement, specifying items of damages reimbursed;

B.      Amounts reimbursed;

C.      Amounts of any premium(s) paid by the plaintiff to procure policies of reimbursement;

D.      Identification numbers on any such policies of reimbursement.

Dated: Woodbury, New York
January 25, 2021

Yours, etc.

KELLER, O'REILLY & WATSON, P.C.

BY: _____
    KEVIN W. O'REILLY
Attorneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
(516) 496-1919

TO:     PETER MAY, ESQ.
        SUBIN ASSOCIATES, LLP
        *Attorneys for Plaintiff*
        150 Broadway – 23rd Floor
        New York, New York 10038
        (212) 285-3800
        File No. 30620

5

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ERICA MERCADO,

        Plaintiff,

  -against-

SCHINDLER ELEVATOR CORPORATION,

        Defendant.
-------------------------------------------------------------------X

Index No. 524866/2020

**NOTICE FOR
DISCOVERY
& INSPECTION**

C O U N S E L O R S :

  **PLEASE TAKE NOTICE**, that the below named attorneys demand that you furnish the following items within twenty (20) days of the service of this demand:

  1. Pursuant to CPLR Section 3120 and the Rules of this Court governing the exchange of medical reports, you are required to serve upon and deliver to the undersigned, copies of all medical reports of those physicians who have treated or examined the plaintiff seeking recovery, including a detailed recital of the injuries and conditions complained of.

  Further, you are to include duly executed and acknowledged written authorizations permitting the undersigned to obtain and make copies of all hospital and physicians' records for those institutions and physicians that have treated the plaintiff. The authorizations must include:

    a. The full name of physician(s) and/or hospital(s);
    b. The correct address of physician(s) and/or hospital(s);
    c. The specialty of said physician(s);
    d. The dates of treatment;
    e. The plaintiff's full name and address;
    f. Identifying information necessary to acquire records;

      (1) Hospital identification number;
      (2) Social Security number of plaintiff;
      (3) Blue Cross/Blue Shield identifying number,
        if different from Social Security Number.

  2. Pursuant to Rule 2103(e) of the CPLR, the names and addresses of each party and attorney appearing in this action, for the purpose of service of papers.

3.      Name and address of any witness known to the each of the plaintiffs and/or plaintiffs' attorney, including witnesses to admissions, notice or conversations. Specify the name and address of any witness to each of the following, including but not limited to:

    a.      The occurrence alleged in the complaint;

    b.      Any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint;

    c.      Any actual notice allegedly given to the defendants answering herein of any condition which allegedly caused the occurrence alleged in the complaint;

    d.      The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint.

    e.      Any statement or admission made by defendant or defendant's agents, servants or employees.

4.      Pursuant to a recent amendment to the Civil Practice Law and Rules eliminating the ad damnum clause from the complaint, state the amount which will be sought in damages with respect to each cause of action set forth in the complaint by each of the plaintiffs.

**FAILURE TO PROVIDE** the items demanded above will be the basis of a motion seeking appropriate relief.

Dated: Woodbury, New York
        January 25, 2021

                     Yours, etc.

                     KELLER, O'REILLY & WATSON, P.C.

                     BY: _____
                          KEVIN W. O'REILLY
                     Attorneys for Defendant
                     SCHINDLER ELEVATOR CORPORATION
                     242 Crossways Park West
                     Woodbury, New York 11797
                     (516) 496-1919

TO:      PETER MAY, ESQ.
        SUBIN ASSOCIATES, LLP
        *Attorneys for Plaintiff*
        150 Broadway – 23rd Floor
        New York, New York 10038
        (212) 285-3800
        File No. 30620

2

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
ERICA MERCADO,

                            Plaintiff,

     -against-

SCHINDLER ELEVATOR CORPORATION,

                         Defendant.
---------------------------------------------------------------------X

Index No. 524866/2020

**DEMAND FOR
EXPERT WITNESS
INFORMATION**

       **PLEASE TAKE NOTICE**, that pursuant to CPLR 3101(d), defendant, SCHINDLER ELEVATOR CORPORATION, demands that within twenty (20) days of receipt hereof, that each of the plaintiffs and co-defendants provide the following information:

       1.    State the name and address of every expert retained or employed by each of the plaintiffs in anticipation of this litigation or preparation for trial whom you expect to call as a witness at the trial:

            a.    The subject matter on which the expert is expected to testify;

            b.    The substance of the facts and opinions to which the expert is expected to testify;

            c.    A summary of the grounds for each such opinion;

            d.    A brief chronological resume of the witness' educational background and professional background, including the associations or societies of which the expert is a member if medical personnel, the names and addresses of all hospitals on whose staffs such experts are or where such medical experts have courtesy privileges or act as consultants;

            e.    Whether each named expert will testify as an expert at the trial of this case.

       2.    With respect to any and all proposed medical expert witnesses, indicate:

            a.    The area of expertise;

b.     Educational background, including the names and addresses of each medical school attended;

c.     The names and addresses of each hospital in which an internship and residency was served and the dates thereof;

d.     The name and address of each hospital in which privileges of admitting patients is extended, and the nature of the privilege;

e.     The state or states in which this individual was licensed to practice medicine;

f.     Each state in which this individual is actively engaged in the practice of medicine;

g.     Societies of which each said expert is a member of and the date of each membership;

h.     The present Board certifications and/or qualifications, if any, and the dates of any such certification;

i.     The subject matter on which each expert is expected to testify, including each alleged departure from good and accepted medical practice to which said expert will testify;

j.     The substance of these facts and opinions to which each expert is expected to testify, including a summary of his or her grounds for each opinion.

3.     If you expect to call an economist or actuary, state:

a.     A specific description of the losses for which such calculations will be made (i.e., present value of the loss of future earnings, present value of loss of second job earnings, present value of future medical expenses, etc.) with respect to each of the plaintiffs;

b.     The undiscounted amount of such loss;

c.     The present value of the dollar amount of such loss;

d.     The discount rate applied by such person to determine present value and the reason for such rate;

e.     The number of years involved in such discounting process and the opinions and facts on which the economist bases the determination of that number of years;

2

f.   With regard to testing concerning a growth of future income on an annual or other basis at a projected rate of income greater than the income earned by the plaintiff when last employed, state the growth rate for such income as estimated by such person, the opinions and facts on which that estimate is based, and specifying the publication with sufficient specificity to permit its identification and location by the defendant;

g.   Specify each factor other than those which have been noted above, which the person has used in calculating the net amount of the present value of the loss and identify specifically the source material and page number on which such person bases his opinion or draws the facts on which he relied;

h.   With regard to any information secured from any text, publication, graph, chart or study other than as already designated above upon which the expert relied in reaching his conclusions, describe or designate such publication or matter in writing with sufficient specificity to permit its identification and location by defendant;

i.   In detail, state precisely the manner in which the person reached his or her conclusions, showing the mathematical calculations involved;

j.   With regard to any report, memoranda, or any other matter in writing showing in whole or in part the expert's conclusions or the facts upon which such conclusions were based, state the date of such writing and the names and addresses of person(s) having copies of it.

4.   State the names, addresses, and qualifications of all expert witnesses and other persons known to each of the plaintiffs to have made studies or analyses as to the cause of the alleged injury involved herein.

5.   This is a continuing demand for information regarding experts retained by you for trial. Failure to comply with this notice in a timely manner shall be grounds for an order precluding you from offering the testimony at trial of any expert witness whose name and expected testimony is not disclosed, striking the complaint, dismissing the action and/or such other relief as the court deems just under the circumstances.

3

Case 1:22-cv-00828-RMC Document 1 Filed 02/14/22 Page 30 of 79 PageID #: 2004866/2020

**FAILURE TO PROVIDE** the items demanded above will be the basis of a motion seeking appropriate relief.

Dated: Woodbury, New York
January 25, 2021

Yours, etc.

KELLER, O'REILLY & WATSON, P.C.

BY: _____
KEVIN W. O'REILLY
Attorneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
(516) 496-1919

TO:   PETER MAY, ESQ.
      SUBIN ASSOCIATES, LLP
      *Attorneys for Plaintiff*
      150 Broadway – 23rd Floor
      New York, New York 10038
      (212) 285-3800
      File No. 30620

4

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
ERICA MERCADO,

                     Plaintiff,

       -against-

SCHINDLER ELEVATOR CORPORATION,

                   Defendant.
------------------------------------------------------------------X

Index No. 524866/2020

**NOTICE FOR DISCOVERY & INSPECTION OF DOCUMENTS PURSUANT TO CPLR §3101(C)**

COUNSELORS:

    PLEASE TAKE NOTICE, that pursuant to CPLR 3101(c), the plaintiff is hereby required to produce and permit discovery by the undersigned attorneys of the following documents at the office of KELLER, O'REILLY & WATSON, on the twentieth day following the date hereof, at 9:30 o'clock in the forenoon of that day:

    1.    All writings and/or documents made by this defendant, including but not limited to bills, records, reports, correspondence, notes, insurance forms, prescriptions, and any other memoranda in the possession or control of each of the plaintiffs and co-defendant, or plaintiffs' and co-defendant's representative and/or attorney.

    2.    Any and all written statements made by this defendant, and any and all transcripts, notes or other recordings of any and all oral statements made by this defendant.

    PLEASE TAKE FURTHER NOTICE, that this defendant will object to the introduction of any mentioned documents in evidence at trial, if the plaintiff fails to comply with this notice for discovery and inspection.

Dated: Woodbury, New York
      January 25, 2021

                  Yours, etc.

                  KELLER, O'REILLY & WATSON, P.C.

                  BY: _____
                        KEVIN W. O'REILLY
                  Attorneys for Defendant
                  SCHINDLER ELEVATOR CORPORATION
                  242 Crossways Park West
                  Woodbury, New York 11797
                  (516) 496-1919

TO:     PETER MAY, ESQ.
         SUBIN ASSOCIATES, LLP
         *Attorneys for Plaintiff*
         150 Broadway – 23rd Floor
         New York, New York 10038
         (212) 285-3800
         File No. 30620

2

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

ERICA MERCADO,                                    Index No. 524866/2020

                              Plaintiff,          **DEMAND FOR**
                                                  **COLLATERAL**
         -against-                                **SOURCE**
                                                  **INFORMATION**

SCHINDLER ELEVATOR CORPORATION,

                              Defendant.
-------------------------------------------------------------------X

COUNSELORS

　　　**PLEASE TAKE NOTICE,** that pursuant to §4545 of the CPLR, this defendant,
SCHINDLER ELEVATOR CORPORATION, demands that on the twentieth day following the
date hereof, each of the plaintiffs serve a verified statement, setting forth:

　　1.　　Whether the plaintiff has been reimbursed or indemnified for economic loss
claimed in this action from any collateral source:

　　　　a.　　If the answer to the foregoing is in the affirmative, state for which of such
claim the plaintiff has received payment, the amount thereof, and the
name and address of the person, firm or organization who made such
payment;

　　　　b.　　If such payment was made by an insurance company, state the number of
the policy under which it was paid, the amount of premiums paid for the
two-year period immediately preceding the date of the alleged injury, and
the projected cost, if any, of maintaining the benefits.

　　2.　　Whether the plaintiff has made claim for payment for economic loss which has
not as yet been paid:

　　　　a.　　If the answer to the foregoing is in the affirmative, state the name of the
person, firm, or organization to whom such claim was presented, the date
of presentation, and the amount claimed by the plaintiff;

　　　　b.　　If such claim was presented to an insurance company, state the number of
the policy under which same was made, the amount of premiums paid for
the two-year period immediately preceding the date of the alleged injury,

Case 1:22-cv-00828-BMG    Document 1    Filed 02/14/22    Page 34 of 79 PageID #: 264

and the projected cost, if any, of maintaining the benefits with respect to each of the plaintiffs.

**FAILURE TO COMPLY** with the within demand will be the basis of a motion

seeking appropriate relief.

Dated: Woodbury, New York
       January 25, 2021.

                                        Yours, etc.

                                        KELLER, O'REILLY & WATSON, P.C.

                                        BY: _____
                                              KEVIN W. O'REILLY
                                        Attorneys for Defendant
                                        SCHINDLER ELEVATOR CORPORATION
                                        242 Crossways Park West
                                        Woodbury, New York 11797
                                        (516) 496-1919

TO:    PETER MAY, ESQ.
       SUBIN ASSOCIATES, LLP
       *Attorneys for Plaintiff*
       150 Broadway – 23rd Floor
       New York, New York 10038
       (212) 285-3800
       File No. 30620

2

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
ERICA MERCADO,

Index No. 524866/2020

              Plaintiff,

**NOTICE PURSUANT
TO CPLR §2103(5)**

    -against-

SCHINDLER ELEVATOR CORPORATION,

              Defendant.
-----------------------------------------------------------------X

      PLEASE BE ADVISED that the defendant SCHINDLER ELEVATOR
CORPORATION, herein objects to service of papers via electronic means as set forth in CPLR
§2103(5).

Dated: Woodbury, New York
       January 25, 2021

                  Yours, etc.

                  KELLER, O'REILLY & WATSON, P.C.

                  BY: _____
                     KEVIN W. O'REILLY
                  Attorneys for Defendant
                  SCHINDLER ELEVATOR CORPORATION
                  242 Crossways Park West
                  Woodbury, New York 11797
                  (516) 496-1919

TO:    PETER MAY, ESQ.
       SUBIN ASSOCIATES, LLP
       *Attorneys for Plaintiff*
       150 Broadway – 23rd Floor
       New York, New York 10038
       (212) 285-3800
       File No. 30620

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

ERICA MERCADO,                                    Index No. 524866/2020

                         Plaintiff,               **DEMAND FOR**
                                                  **PHOTOGRAPHS**

            -against-

SCHINDLER ELEVATOR CORPORATION,

                         Defendant.
-----------------------------------------------------------------X

COUNSELORS:

**PLEASE TAKE NOTICE** that the defendant, SCHINDLER ELEVATOR CORPORATION, hereby demands that the plaintiff produce for discovery and inspection duplicate original photographs (not xerox copies) of the following items within thirty days, expense for duplication to be borne by the defendant:

1.    Any and all photographs depicting the scene of the alleged accident involving the plaintiff and defendants.

2.    Any and all photographs depicting any injuries alleged to have been sustained by plaintiff as a result of the alleged accident mentioned above.

**FAILURE TO COMPLY** with the within demand will be the basis of a motion seeking appropriate relief.

Dated: Woodbury, New York
       January 25, 2021

                                   Yours, etc.

                                   KELLER, O'REILLY & WATSON, P.C.


                                   BY: _____
                                        KEVIN W. O'REILLY
                                   Attorneys for Defendant
                                   SCHINDLER ELEVATOR CORPORATION
                                   242 Crossways Park West
                                   Woodbury, New York 11797
                                   (516) 496-1919

2

TO:    PETER MAY, ESQ.
        SUBIN ASSOCIATES, LLP
        *Attorneys for Plaintiff*
        150 Broadway – 23rd Floor
        New York, New York 10038
        (212) 285-3800
        File No. 30620

3

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

ERICA MERCADO,

                Plaintiff,

    -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
-------------------------------------------------------------------X

Index No. 524866/2020

**DEMAND FOR
EMPLOYMENT
AUTHORIZATIONS**

C O U N S E L O R S :

    **PLEASE TAKE NOTICE**, that the below named attorneys demand that you furnish them within twenty (20) days of service of this demand with duly executed and acknowledged written original authorizations for the following records with respect to the plaintiff:

    1. The employer of the plaintiff as of the date of the alleged incident;

    2. All employers of the plaintiff for the five-year period prior to the date of the alleged incident;

    3. All employers of the plaintiff from the date of the alleged incident through the present date.

    Said authorizations are to contain full and proper names and addresses of the above, together with any necessary identifying information to obtain the requisite records.

    **FAILURE TO COMPLY** with the above demands will be the basis of a motion seeking appropriate relief.

Dated: Woodbury, New York
       January 25, 2021

               Yours, etc.

               KELLER, O'REILLY & WATSON, P.C.

               BY: _____
                    KEVIN W. O'REILLY
               Attorneys for Defendant
               SCHINDLER ELEVATOR CORPORATION

Case 1:22-cv-00929-BMC Document 1 Filed 02/14/22 Page 39 of 79 PageID No 204866/2020

242 Crossways Park West
Woodbury, New York 11797
(516) 496-1919

TO:     PETER MAY, ESQ.
        SUBIN ASSOCIATES, LLP
        *Attorneys for Plaintiff*
        150 Broadway – 23rd Floor
        New York, New York 10038
        (212) 285-3800
        File No. 30620

2

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

ERICA MERCADO,

                         Plaintiff,

    -against-

SCHINDLER ELEVATOR CORPORATION,

                        Defendant.

-----------------------------------------------------------------X

Index No. 524866/2020

**DEMAND FOR
MEDICAL
AUTHORIZATIONS**

COUNSELORS:

    PLEASE TAKE NOTICE, that the below named attorneys demand that each of the plaintiffs furnish them within twenty (20) days of service of this demand with duly-executed and acknowledged written original authorizations for the following records:

    1.    Any and all physicians, chiropractors, therapists, hospitals, clinics, or other health care practitioners and/or facilities at which the plaintiff has been seen, evaluated, treated and/or examined for any injuries claimed to have been sustained as a result of the incident alleged herein.

    2.    Any and all radiologists and/or radiological facilities at which any diagnostic studies, including x-rays, CT scans and MRIs, were taken of any of the parts of the body of the plaintiff claimed to have been injured as a result of the incident alleged herein.

    3.    Any and all pharmacies at which the plaintiff has filled any prescriptions for any medications allegedly taken as a result of any injuries claimed to have been sustained as a result of the incident alleged herein.

    4.    Any and all workers' compensation carriers with which the plaintiff has filed any claims for benefits as a result of the injury alleged herein.

    5.    Any and all workers' compensation carrier with which the plaintiff has filed any claims for benefits for any on-the-job incidents in addition to the incident alleged herein.

    6.    Any and all collateral sources which provided reimbursement for any medical expenses claimed to have been sustained by the plaintiff herein as a result of the incident alleged herein.

Case 1:22-cv-03826-BMC Document 1-1 Filed 03/13/22 Page 41 of 79 PageID #: 215

INDEX NO. 524866/2020
RECEIVED NYSCEF: 01/25/2021

7.    Any and all physicians, therapists, hospitals, clinics, or other health care providers and/or facilities at which the plaintiff was seen for treatment, evaluation, examination and/or diagnosis for the five years prior to and including the date of the incident alleged herein

8.    Any and all physicians, chiropractors, therapists, hospitals, clinics, or other health care providers and/or facilities at which the plaintiff has been seen, evaluated, treated and/or examined for any of the parts of his body claimed to have been injured in the incident alleged herein at any time prior to the date of the incident alleged herein.

9.    Any and all disability carriers with which the plaintiff has filed any claims for disability benefits as a result of the incident alleged herein.

10.   All records, including any and all medical records, from any Unions to which the plaintiff belonged as of the date of the alleged incident.

Said authorizations are to contain full and proper names and addresses of the above, together with any necessary identifying information, such as policy numbers and claim numbers, if applicable, to obtain the requisite records.

PLEASE TAKE FURTHER NOTICE, that each HIPAA compliant authorization must indicate that the date on which the authorization will expire is the conclusion of this court case. A copy of the authorization shall have the same force and effect as if an original.

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR §3122, each authorization will be served with subpoena duces tecum at the time of trial.

FAILURE TO COMPLY with the above demands will be the basis of a motion seeking appropriate relief.

Dated: Woodbury, New York
       January 25, 2021

                          Yours, etc.

                          KELLER, O'REILLY & WATSON, P.C.

                          BY: _____
                              KEVIN W. O'REILLY
                          Attorneys for Defendant
                          SCHINDLER ELEVATOR CORPORATION
                          242 Crossways Park West
                          Woodbury, New York 11797
                          (516) 496-1919

2

FILED: KINGS COUNTY CLERK 01/25/2021 03:29 PM
NYSCEF DOC. NO. 9                                          RECEIVED NYSCEF: 01/25/2021

TO:    PETER MAY, ESQ.
       SUBIN ASSOCIATES, LLP
       *Attorneys for Plaintiff*
       150 Broadway – 23rd Floor
       New York, New York 10038
       (212) 285-3800
       File No. 30620

3

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

ERICA MERCADO,

Index No. 524866/2020

                  Plaintiff,

**NOTICE TO PRODUCE
MEDICARE/MEDICAID
LIEN INFORMATION**

      -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
-------------------------------------------------------------------X

COUNSELORS:

      PLEASE TAKE NOTICE, that demand is hereby made upon the plaintiff to produce for inspection and/or obtain the following pursuant to CPLR Article 31 and to serve upon the offices of Keller, O'Reilly & Watson, P.C., attorneys for the defendant(s):

      1.    A sworn statement as to whether the plaintiff has received benefits from Medicare at any time, for any reason, not limited to the injuries and treatment alleged in the present action. If so, demand is further made that the plaintiff provides the following:

          (a)    Plaintiff's date of birth;

          (b)    Plaintiff's Social Security number;

          (c)    The Medicare file and/or identification number;

          (d)    The name and address of the office handling the Medicare file;

          (e)    Copies of all documents in the possession of plaintiff or her attorneys relating to plaintiff's receipt of Medicare benefits, including, but not limited to, claim forms, accompanying checks sent by Medicare, lien papers, and all other papers received from Medicare or the agency handling the Medicare claim; and,

          (f)    A duly executed HIPAA-compliant authorization bearing plaintiff's date of birth and Social Security number and the Medicare file number permitting Keller, O'Reilly & Watson, P.C., or its designee, to obtain copies of plaintiff's Medicare records.

2.     A sworn statement as to whether the plaintiff has received benefits from Medicaid at any time, for any reason, not limited to the injuries and treatment alleged in the present action. If so, demand is further made that plaintiff provide the following:

     (a)    Plaintiff's date of birth;

     (b)    Plaintiff's Social Security number;

     (c)    The Medicaid file and/or identification number;

     (d)    The name and address of the office handling the Medicaid file; and

     (e)    Copies of all documents in the possession of plaintiff or his attorneys relating to plaintiff's receipt of Medicaid benefits, including, but not limited to, claim forms, accompanying checks sent by Medicaid, lien papers, and all other papers received from Medicaid or the agency handling the Medicare claim; and

     (f)    A duly executed HIPAA-compliant authorization bearing plaintiff's date of birth and Social Security number and the Medicaid file number permitting Keller, O'Reilly & Watson, P.C., or its designee, to obtain copies of plaintiff's Medicaid records.

PLEASE TAKE FURTHER NOTICE, that the foregoing demands are continuing. In the event that any of the items are obtained after service of this demand, they are to be furnished to this office within 30 days of receipt by the plaintiff or her attorneys.

PLEASE TAKE FURTHER NOTICE, that if the demanded information is not known, it must be so stated in a sworn reply. This defendant will object at the time of trial to the testimony of any witness not supplied in accordance with this demand and will take all steps permitted by the CPLR to preserve its rights as to all of the demands.

2

Case 1:22-cv-00623-RMC   Document 1   Filed 02/11/22   Page 45 of 79   PageID #: 215   24866/2020

PLEASE TAKE FURTHER NOTICE, that compliance can be made by forwarding a copy of these documents through the United States Postal Service within the time allowed.

Dated: Woodbury, New York
      January 25, 2021

                Yours, etc.

                KELLER, O'REILLY & WATSON, P.C.

                BY: _____
                     KEVIN W. O'REILLY
                Attorneys for Defendant
                SCHINDLER ELEVATOR CORPORATION
                242 Crossways Park West
                Woodbury, New York 11797
                (516) 496-1919

TO:    PETER MAY, ESQ.
       SUBIN ASSOCIATES, LLP
       *Attorneys for Plaintiff*
       150 Broadway – 23rd Floor
       New York, New York 10038
       (212) 285-3800
       File No. 30620

3

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

ERICA MERCADO,                                     Index No. 524866/2020

                              Plaintiff,           **NOTICE FOR
                                                   DISCOVERY
          -against-                                & INSPECTION
                                                   OF SOCIAL
SCHINDLER ELEVATOR CORPORATION,                    NETWORK SITES**

                              Defendant.
-------------------------------------------------------------------X

C O U N S E L O R S :

          PLEASE TAKE NOTICE, that you are hereby required to serve upon the undersigned attorneys, within twenty (20) days of the service of this demand:

          1.    Any and all posts on any and all social network sites (Facebook/Twitter/Instagram, etc.) discussing, mentioning, and commenting on plaintiff injuries and/or accident.

          2.    Any and all posts on any and all social network sites discussing, mentioning, and/or commenting on any doctor and/or medical facility's treatment and/or care of plaintiff.

          3.    Any and all posts on any and all social network sites reviewing and/or commenting on any doctor and/or medical facility in reference to their treatment and/or care of plaintiff.

          4.    Any and all posts, reviews or comments made on social network sites such as Yelp, Zocdoc.com, Healthgrades.com, RateMD.com, Vitals.com, WebMD, etc., regarding any doctor and/or medical facility that plaintiff was treated by or in.

          5.    An authorization to obtain all information contained in plaintiff's Facebook account, including all deleted information.

          6.    An authorization to obtain all information contained in plaintiff's Twitter account, including all deleted information.

Case 1:22-cv-00983-RMB-AMD Document 1-7 Filed 02/18/22 Page 47 of 79 PageID: 215

7.     An authorization to obtain all information contained in plaintiff's Instagram account, including all deleted information.

8.     An authorization to obtain all information contained in plaintiff's My Space account, including all deleted information.

9.     An authorization to obtain all information contained in plaintiff's Flicker account, including all deleted information.

10.     An authorization to obtain all information contained in plaintiff's Foursquare account, including all deleted information.

11.     An authorization to obtain all information contained in plaintiff's Google Buzz account, including all deleted information.

12.     An authorization to obtain all information contained in plaintiff's LinkedIn account, including all deleted information.

13.     An authorization to obtain all information contained in plaintiff's YouTube account, including all deleted information.

14.     An authorization to obtain all information contained in any other social network site maintained by plaintiff, and to include any deleted information.

15.     The username, password, and other information necessary to obtain access to plaintiff's Facebook account.

16.     The username, password, and other information necessary to obtain access to plaintiff's Twitter account.

17.     The username, password, and other information necessary to obtain access to plaintiff's Instagram account.

2

Case 1:22-cv-00828-PMG Document 1 Filed 03/11/22 Page 48 of 79 PageID #: 218 4866/2020

18.     The username, password, and other information necessary to obtain access to plaintiff's My Space account.

19.     The username, password, and other information necessary to obtain access to plaintiff's Flicker account.

20.     The username, password, and other information necessary to obtain access to plaintiff's Foursquare account.

21.     The username, password, and other information necessary to obtain access to plaintiff's Google Buzz account.

22.     The username, password, and other information necessary to obtain access to plaintiff's LinkedIn account.

23.     The username, password, and other information necessary to obtain access to plaintiff's YouTube account.

24.     The username, password, and other information necessary to obtain access to any other social network site account maintained by plaintiff.

FAILURE TO COMPLY with the above demand will be the basis of a motion seeking appropriate relief.

Dated: Woodbury, New York
            January 25, 2021

Yours, etc.

KELLER, O'REILLY & WATSON, P.C.

BY: _____
        KEVIN W. O'REILLY
Attorneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
(516) 496-1919

3

TO:    PETER MAY, ESQ.
        SUBIN ASSOCIATES, LLP
        *Attorneys for Plaintiff*
        150 Broadway – 23rd Floor
        New York, New York 10038
        (212) 285-3800
        File No. 30620

4

KWO/mcr
005-469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

ERICA MERCADO,

Index No. 524866/2020

                              Plaintiff,

**DEMAND PURSUANT
TO CPLR §3017**

     -against-

SCHINDLER ELEVATOR CORPORATION,

                              Defendant.
-----------------------------------------------------------------X

C O U N S E L O R S :

     PLEASE TAKE NOTICE, that the below named attorneys demand that the plaintiff furnish them within (10) days of the service of this demand with the following items:

     1.    Pursuant to CPLR §3017 and the rules of the Court set forth the total damages from which the plaintiff deems themselves entitled.

     FAILURE TO COMPLY with the above demands will be a basis for a motion seeking appropriate relief.

Dated: Woodbury, New York
      January 25, 2021

            Yours, etc.

            KELLER, O'REILLY & WATSON, P.C.

            BY:_____
               KEVIN W. O'REILLY
            Attorneys for Defendant
            SCHINDLER ELEVATOR CORPORATION
            242 Crossways Park West
            Woodbury, New York 11797
            (516) 496-1919

TO:    PETER MAY, ESQ.
       SUBIN ASSOCIATES, LLP
       *Attorneys for Plaintiff*
       150 Broadway – 23rd Floor
       New York, New York 10038
       (212) 285-3800
       File No. 30620



## Subin Associates, LLP
New York's Premier Personal Injury Law Firm. Since 1954

February **3**, 2022

Re:    Erica Mercado v. Schindler Elevator Corporation
       Index No.: 524866/2020
       Our File No.:30620

Dear Counselor:

As you are aware, we represent the plaintiff in the above referenced matter. In response to your letter dated January 6, 2022, attached hereto please find courtesy copy of Plaintiff's Bill of Particulars and Plaintiff's Demands Dated August 27, 2021, which was forwarded to your office on August 27, 2021.

Please also find attached hereto fresh, updated HIPAA-compliant authorizations for your convenience.

Should you have any questions, please feel free to call us. Thank you for your cooperation in this matter.

Very truly yours,

Maria C. Zieher, Esq.

MCZ/jr
Encl.

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X

ERICA MERCADO,

                   Plaintiff,

      -against-

SCHINDLER ELEVATOR CORPORATION,

                  Defendant.
-------------------------------------------------------------------------X

NOTICE OF
DISCLOSURE

Index No.: 524866/2020

S I R S:

Enclosed please find the following:

1. Verified Bill of Particulars

2. Hospital records of Mount Sinai Beth Israel Medical Center (ER)

3. Medical records of Behavioral Medicine Associates/Eliran Isaacson, Psy.D.

4. Medical records of Brooklyn Premier Orthopedic Center for Musculoskeletal Disorders

5. Medical records of Century Central Chiro PLLC

6. Medical records of The Brooklyn Hospital Center

7. Medical records of Queens Chiropractic Associates, P.C.

8. Medical records of Pain, Spine & Sportscare Center/Sawey Harhash, M.D.

9. Medical records of Middle Village Radiology

10. Medical records of Hudson Spine & Pain Medicine Physio Logic Medicine P.C./Charles J. White, DPM

11. Medical records of Urban Heights Medical P.C.

12. Medical records of Charles White, DPM/Albert Ciancimino, M.D.

13. Medical records of All Boro Medical Rehabilitation/Kevin H. Weiner, M.D.

14. Medical records of Lenox Hill Radiology

15. Authorizations for:

    a.  Mount Sinai Beth Israel Medical Center (ER)

    b.  Behavioral Medicine Associates/Eliran Isaacson, Psy.D.

    c.  Brooklyn Premier Orthopedic Center for Musculoskeletal Disorders

    d.  Century Central Chiro PLLC

    e.  The Brooklyn Hospital Center

    f.  Queens Chiropractic Associates, P.C.

    g.  Pain, Spine & Sportscare Center/Sawey Harhash, M.D.

    h.  Middle Village Radiology

    i.  Hudson Spine & Pain Medicine Physiologic Medicine P.C./Charles J. White, DPM

    j.  Urban Heights Medical P.C.

    k.  Charles White, DPM/Albert Ciancimino, M.D.

    l.  All Boro Medical Rehabilitation/Kevin H. Weiner, M.D.

    m. Lenox Hill Radiology

    n.  Arch Indemnity Insurance Co.

    o.  NYU Langone Health (Employment)

Dated: New York, New York
       August 27, 2021

                    Yours, etc.

                    BY: **MARK STUMER, ESQ.**
                    This NOTICE OF DISCLOSURE, BILL OF
                    PARTICULARS and COMBINED RESPONSE TO
                    DISCOVERY AND INSPECTION and the papers
                    on which they are based, are certified pursuant to
                    Section 130-1.1-a of the rules of the Chief
                    Administrator (22NYCRR)
                    **SUBIN ASSOCIATES, LLP**
                    Attorney for Plaintiff
                    150 Broadway, 23rd Floor
                    New York, New York 10038
                    (212) 285-3800

File No. 30620
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
ERICA MERCADO,

                  Plaintiff,

       -against-

SCHINDLER ELEVATOR CORPORATION,

                  Defendant.
---------------------------------------------------------------------X

**VERIFIED BILL OF
PARTICULARS**

Index No.: 524866/2020

       Plaintiff, ERICA MERCADO as and for her Bill of Particulars in response to the demands of defendant(s), by her attorney, upon information and belief, respectfully allege(s):

1. Plaintiff's date of birth: xx/xx/xx87.

2. Plaintiff presently resides at 797 Schenck Avenue, Apartment 1E, Brooklyn, New York 11207.

3. Plaintiff will provide her social security number off the record at her deposition.

4. The incident occurred on 05/28/2018, at approximately 11:30 P.M.

5. The incident occurred on the premises known as NYU Langone Hospital located at 301 E. 17th Street, New York, New York 10010 in the service elevator.

6. A. – E. See response to question number 5. The remaining part of this demand is improper as it is evidentiary in nature.

7. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly by reason of the negligence, willful, wanton and gross negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said premises, particularly the elevator to be, become and remain in a dangerous, defective and/or structurally defective, hazardous, unsafe, broken, cracked, uneven, holey, chipped, peeling, loose condition; in allowing and permitting said elevator to be and remain in

such a state of disrepair and/or negligent repair for such a long and unreasonable length of time so as to cause injuries to the plaintiff; in failing to repair and in improperly repairing; in creating and maintaining a menace, hazard. nuisance and trap thereat, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time; in failing to properly maintain said premises and in improperly maintaining said premises; in causing, allowing, permitting and/or failing to prevent said elevator from functioning improperly; starting and/or stopping and/or reversing direction abruptly; in causing, allowing and/or permitting said elevator to be improperly running, timed, sequenced and/or adjusted; in failing to apprise and/or warn the public and in particular the plaintiff, of the aforementioned cer dens; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the dangerous, defective and/or unsafe condden so as to cause the incident herein complained of; in creating and maintaining a hazard, menace, nuisance and trap thereat and in failing to comply with the statutes, ordinances, rules and regulations made and provided for the safe and proper operation of said premises.

8.   Both actual and constructive notices are claimed.

9.   A. – G. Actual notice in that the defendants, their agents, servant and/or employees created and/or had actual knowledge of the complained of condition. The remaining part of this demand is improper as it is evidentiary in nature.

10. A. – D. Constructive notice in that the complained of condition existed for a long and unreasonable period of time under the circumstances.

11. The Court will take judicial notice of any and all applicable, statutes, laws, rules, regulations and/or ordinances, violated by the defendants at the trial of this action, including but not limited to the New York City Administrative Code 28-301.1. The plaintiff reserves the right to allege additional violations as may become apparent based on the evidence adduced at trial

12. The following injuries were caused, aggravated, accelerated, precipitated and/ or

enhanced as a result of the defendant's negligence:

**RIGHT ANKLE/FOOT:**

- Calcaneal fracture;

- Tendinosis of the distal posterior tibialis tendon;

- Derangement;

- Sprain;

- Tendinosis of the distal posterior tibialis tendon;

- Plantar fasciitis;

- Contusion;

- Joint effusion;

- Pain;

- Parathesia;

- Tenderness;

- Weakness;

- Edema;

- Marked restriction of range of motion;

- Plaintiff ambulates with antalgic gait;

As a result of the accident, the plaintiff was required to undergo the following injection at Hudson Spine & Pain Medicine Physio Logic Medicine PC on 10/18/2018:

- Right plantar fascia injection containing 30 mg Depomedrol and 0.5 cc of 0.5% Marcaine, and 1cc of 1% Lidocaine plain was injected;

as a result of the foregoing the plaintiff suffers from severe pain, swelling and tenderness of the right foot/ankle resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.

**CERVICAL SPINE:**

- Derangement;
- Facet joint syndrome;
- Myofascial pain;
- Spondylosis;
- Sprain;
- Strain;
- Straightening of the lordosis;
- Cervicalgia;
- Subluxation at C2, C3, C5, C6;
- Pain radiating to bilateral shoulder, bilateral arm, bilateral upper thoracic and bilateral hands;
- Tenderness;
- Muscle spasms;
- Stiffness;
- Tightness;
- Trigger point;
- Crepitus;
- Numbness;
- Weakness;
- Marked restriction of range of motion;

as a result of the foregoing the plaintiff suffers from severe pain, swelling and tenderness of the cervical spine resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.

As a result of the accident, the plaintiff was required to undergo the following injection procedure performed by Marc Cohen, M.D., on 3/1/2019:

- Bilateral C4-5, C5-6, C6-7 medial branch nerve blocks; trigger point ionjections; fluoroscopic guidance for needle localization.

As a result of the accident, the plaintiff was required to undergo the following injection procedure performed by Marc Cohen, M.D., on 4/12/2019:

- Bilateral C5-6, C6-7, and C7-T1 medial branch nerve blocks; trigger point ionjections; fluoroscopic guidance for needle localization.

As a result of the accident, the plaintiff was required to undergo the following injection procedure performed by Marc Cohen, M.D., on 7/12/2019:

- Radiofrequency Neurolysis of right cervical C5/6, C6/7, and C7/T1 median branch nerves under fluoroscopic guideance.

As a result of the accident, the plaintiff was required to undergo the following injection procedure performed by Marc Cohen, M.D., on 7/26/2019:

- Radiofrequency Neurolysis of right cervical C5/6, C6/7, and C7/T1 median branch nerves under fluoroscopic guideance.

As a result of the accident, the plaintiff was required to undergo the following injection procedure performed by Marc Cohen, M.D., on 1/27/2020:

- Bilateral C4-5, C5-6, C6-7 medial branch nerve blocks; trigger point ionjections; fluoroscopic guidance for needle localization.

As a result of the accident, the plaintiff was required to undergo the following injection procedure performed by Marc Cohen, M.D., on 3/1/2020:

- Bilateral C4-5, C5-6, C6-7 medial branch nerve blocks; trigger point ionjections; fluoroscopic guidance for needle localization.

**LUMBOSACRAL SPINE:**

- Bilateral L5/S1 foraminal encroachment;
- Spondylosis with myelopathy;
- Derangement;
- Sprain;

- Subluxation at L2, L4, L5;

- Radiculopathy;

- Myelopathy;

- Neuritis;

- Radiculitis;

- Segmental and somatic dysfunction;

- Right side sciatica;

- Pain radiating to bilateral buttocks, bilateral thighs, right knee, right leg, foot/feet;

- Muscle spasm;

- Numbness;

- Paresthesias radiating down the right leg;

- Tightness;

- Trigger point;

- Stiffness;

- Tenderness;

- Weakness;

- Discomfort;

- Marked restriction of range of motion;

As a result of the accident, the plaintiff was required to undergo the following injection procedure performed by Marc Cohen, M.D., on 1/27/2020:

- L5/S1 interlaminar epidural steroid injection; fluoroscopic guideance for needle localization; epidurogram.

as a result of the foregoing the plaintiff suffers from severe pain, swelling and tenderness of the lumbosacral spine resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.

**THORACIC SPINE:**

- Sprain;
- Spondylosis;
- Neuritis;
- Radiculitis;
- Tenderness;
- Muscle spasm;
- Tightness;
- Trigger point;
- Marked restriction of range of motion;

as a result of the foregoing the plaintiff suffers from severe pain, swelling and tenderness of the thoracic spine resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.

**LEFT ANKLE/FOOT:**

- Joint derangements;
- Contusion;
- Pain;
- Parathesia;
- Plaintiff ambulates with antalgic gait;

as a result of the foregoing the plaintiff suffers from severe pain, swelling and tenderness of the left ankle resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.

**OTHER:**

- Bilateral shoulder/arm injury, pain and limited range of motion;

- Bilateral hand injury, numbness and tingling;

- Bilateral leg posterior tibial tendonitis;

- Bilateral leg pain and numbness;

- Right hip pain;

- Body ache;

- Left arm tingling;

- Myalgias;

- Headaches;

- Fatigue;

- Anxiety;

- Post-traumatic stress disorder;

- Major depression;

- Postconcussional syndrome;

- Cognitive impairment;

- Loss of physical efficiency;

- Stress;

- Dizziness;

- Difficulty in sleeping;

The foregoing injuries directly affected the bones, tendons, tissues, muscles ligaments, nerves, blood vessels and soft tissue in and about the involved areas and sympathetic and radiating pains from all of which the plaintiff suffered, still suffers and may permanently suffer and may develop arthritis;

As a result of the accident and the injuries herein sustained, the plaintiff suffered a severe shock to her nervous system;

The plaintiff verily believes that all of the injuries hereinabove sustained, with the exception of bruises and contusions, are permanent and progressive in nature;

The plaintiff may permanently suffer from the aforesaid injuries and from its effects upon

her nervous system

13. All injuries listed are believed to be permanent at this time.

14. Bed: Plaintiff was confined to bed for approximately one (1) year after the accident and continuing intermittently thereafter.

15. House: Plaintiff was confined to house for approximately two (2) years after the accident and continuing intermittently thereafter.

16. A. – D. Confinement to Hospital: Plaintiff was confined to Mount Sinai Beth Israel Medical Center, First Avenue at 16th Street, New York, New York 10003 on 05/29/18. Plaintiff was confined to Brooklyn Hospital Center, 121 DeKalb Avenue Brooklyn, New York 11201 on 05/30/18.

17. A. – D. Providers' information: See Plaintiff's Notice of Disclosure. The exact name, address of each treating physician and the number of visits are contained in the providers' files.

18. Loss of earnings claims:

   A. Name and address of employer: NYU Langone Health, 550 1st Avenue, New York, New York 10016.

   B. Date of termination of employment: Not applicable.

   C. Plaintiff was incapacitated from employment since date of accident.

   D. Plaintiff's job title: Plaintiff works as a House Keeper.

   E. Average weekly earnings: Approximtely $680.00.

   F. Plaintiff was employed for less that five years: Not applicable.

   G. Not if applicable

19. Total amounts claimed as special damages are in the fair and reasonable and approximate amounts as follows:

   A. Physicians services: Approximately $100,000.00 and continuing.

   B. Hospital expenses: Approximately $8,000.00.

   C. Medical supplies: Included in 17 'a.' and 'b.'.

    D.  Nursing services and/or custodial care: Included in 17 'a.' and 'b'.

    E.  Radiological services and diagnostic tests: Included in 17'a' and 'b'.

    F.  Miscellaneous expenses not enumerated above: To be provided, if applicable.

20. A. – D.  Reimbursed for any special damages claimed: C.P.L.R. 4545(c), collateral sources: See Plaintiff's Combined Response to Discovery and Inspection. The amounts and dates of payment are contained in the carrier's file.

**PLEASE TAKE NOTICE**, that the Plaintiff expressly reserves the right to supplement and/or amend the within Bill of Particulars as to claimed herein up to and including the time of trial of this action.

Dated: New York, New York
       August 27, 2021

                               Yours, etc.,

                               SUBIN ASSOCIATES, LLP
                               Attorneys for Plaintiff(s)
                               150 Broadway, 23rd Floor
                               New York, New York 10038
                               (212) 285-3800

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
ERICA MERCADO,

                Plaintiff,

    -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
----------------------------------------------------------------X

COMBINED RESPONSE
TO DISCOVERY AND
INSPECTION

Index No.: 524866/2020

S I R S:

    Plaintiff, ERICA MERCADO as and for her response to combined demands, by her attorneys, upon information and belief, respectfully allege(s):

1. Copies of all Medical reports: Copies annexed.

    Authorizations: See Plaintiff's Notice of Disclosure.

2. Appearances: As noted below.

3. Witness: None known besides the parties themselves.

4. Amount which will be sought in damages: The amount of damages will be determined by the trier of facts.

    **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend these responses up to the time of trial.

DATED: New York, New York
       August 27, 2021

                         Yours, etc.,

                         SUBIN ASSOCIATES, LLP
                         Attorney for Plaintiff(s)
                         150 Broadway, 23rd Floor
                         New York, New York 10038
                         (212) 285-3800

TO:

**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
ERICA MERCADO,

                  Plaintiff,

      -against-

SCHINDLER ELEVATOR CORPORATION,

                  Defendant.
-----------------------------------------------------------------X

RESPONSE TO
DEMAND FOR EXPERT
WITNESS
INFORMATION

Index No.: 524866/2020

S I R S:

      Plaintiff, ERICA MERCADO as and for her response to demand for expert witness information, by her attorneys, upon information and belief, respectfully allege(s):

          1. – 5. CPLR 3101(d): Plaintiff has not retained an expert at this time but reserves the right to do so now and up until the time of trial.

      **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend these responses up to the time of trial.

DATED: New York, New York
       August 27, 2021

                                     Yours, etc.,

                                       SUBIN ASSOCIATES, LLP
                                       Attorney for Plaintiff(s)
                                       150 Broadway, 23rd Floor
                                       New York, New York 10038
                                       (212) 285-3800

TO:

**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
ERICA MERCADO,

                Plaintiff,

      -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
-----------------------------------------------------------------------X

RESPONSE TO NOTICE
FOR DISCOVERY &
INSPECTION
PURSUANT TO CPLR
§3101(c)

Index No.: 524866/2020

S I R S:

      Plaintiff, ERICA MERCADO as and for her response to discovery & inspection pursuant

to CPLR §3101(c), by her attorneys, upon information and belief, respectfully allege(s):

          1.  All writings and/or documents made by this defendant: None in plaintiff's
              possession.

          2.  Written statements: None in plaintiff's possession.

      **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend

these responses up to the time of trial.

DATED: New York, New York
           August 27, 2021

                                  Yours, etc.,

                                  SUBIN ASSOCIATES, LLP
                                  Attorney for Plaintiff(s)
                                  150 Broadway, 23rd Floor
                                  New York, New York 10038
                                  (212) 285-3800

TO:
**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

ERICA MERCADO,

                Plaintiff,

      -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
------------------------------------------------------------------X

RESPONSE TO
DEMAND FOR
COLLATERAL SOURCE
INFORMATION

Index No.: 524866/2020

S I R S:

      Plaintiff, ERICA MERCADO as and for her response to demand for collateral source information, by her attorneys, upon information and belief, respectfully allege(s):

           1. – 2. CPLR 4545: Plaintiff receives Workers' Compsensation through Arch Indemnity Insurance Co., 300 Plaza Three, 3rd Floor, Jersey City, New Jersey 07311 under Claim Number: 205C50889.

      **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend these responses up to the time of trial.

DATED: New York, New York
          August 27, 2021

                                     Yours, etc.,

                                       SUBIN ASSOCIATES, LLP
                                       Attorney for Plaintiff(s)
                                       150 Broadway, 23rd Floor
                                       New York, New York 10038
                                       (212) 285-3800

TO:

**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X

ERICA MERCADO,

                Plaintiff,

       -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
--------------------------------------------------------------------X

RESPONSE TO
DEMAND FOR
PHOTGRAPHS

Index No.: 524866/2020

S I R S:

      Plaintiff, ERICA MERCADO as and for her response to demand for photographs, by her

attorneys, upon information and belief, respectfully allege(s):

      1.  Photographs depicting the scene of the alleged accident: None in Plaintiff's
           possession.

      2.  Photographs depicting any njuries : None in Plaintiff's possession.

     **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend

these responses up to the time of trial.

DATED: New York, New York
         August 27, 2021

                                   Yours, etc.,

                                   SUBIN ASSOCIATES, LLP
                                   Attorney for Plaintiff(s)
                                   150 Broadway, 23rd Floor
                                   New York, New York 10038
                                   (212) 285-3800

TO:
**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
ERICA MERCADO,

                    Plaintiff,

         -against-

SCHINDLER ELEVATOR CORPORATION,

                   Defendant.
------------------------------------------------------------------X

RESPONSE TO
DEMAND FOR
EMPLOYMENT
AUTHORIZATIONS

Index No.: 524866/2020

S I R S:

      Plaintiff, ERICA MERCADO as and for her response to demand for employment

authorizations, by her attorneys, upon information and belief, respectfully allege(s):

      1. – 3. Employment Authorizations: See Plaintiff's Notice of Disclosure.

      **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend

these responses up to the time of trial.


DATED: New York, New York
           August 27, 2021


                             Yours, etc.,

                             SUBIN ASSOCIATES, LLP
                             Attorney for Plaintiff(s)
                             150 Broadway, 23rd Floor
                             New York, New York 10038
                             (212) 285-3800


TO:

**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
ERICA MERCADO,

                    Plaintiff,

       -against-

SCHINDLER ELEVATOR CORPORATION,

                   Defendant.
---------------------------------------------------------------------X

RESPONSE TO
DEMAND FOR
MEDICAL
AUTHORIZATIONS

Index No.: 524866/2020

S I R S:

      Plaintiff, ERICA MERCADO as and for her response to demand for medical authorizations, by her attorneys, upon information and belief, respectfully allege(s):

1. – 2. Medical Information: See Plaintiff's Notice of Disclosure.

3. Pharmacies: To be provided, if applicable.

4. – 5. Workers' Compensation Authorizations: See Plaintiff's Notice of Disclosure.

6. Collateral Source: Plaintiff receives Workers' Compsensation through Arch Indemnity Insurance Co., 300 Plaza Three, 3rd Floor, Jersey City, New Jersey 07311 under Claim Number: 205C50889.

7. – 8. Prior physicians, therapists, hospitals, clinics, or other health care providers and/or facilities: To be provided, if applicable.

9. Disability carriers: Not applicable.

10. Union records: Not applicable.

     **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend

these responses up to the time of trial.

DATED: New York, New York
       August 27, 2021

                                Yours, etc.,

                                SUBIN ASSOCIATES, LLP
                                Attorney for Plaintiff(s)
                                150 Broadway, 23rd Floor
                                New York, New York 10038
                                (212) 285-3800

TO:

**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

ERICA MERCADO,

                          Plaintiff,

              -against-

SCHINDLER ELEVATOR CORPORATION,

                          Defendant.
-------------------------------------------------------------------X

RESPONSE TO NOTICE
TO PRODUCE
MEDICARE/MEDICAID
LIEN INFORMATION

Index No.: 524866/2020

S I R S :

    Plaintiff, ERIA MERCADO as and for her response to notice to produce Medicare/Medicaid lien information, by her attorneys, upon information and belief, respectfully allege(s):

    1. (a)-(f):  Plaintiff docs not receive Medicare.

    2. (a) – (f) Medicaid: : Plaintiff received Medicaid through  United Healthcare, 1 Pennsylvania Plaza, New York, New York 10119 under Policy Number: 115483823.

    **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend these responses up to the time of trial.

DATED: New York, New York
        August 27, 2021

                                  Yours, etc.,

                                  SUBIN ASSOCIATES, LLP
                                  Attorney for Plaintiff(s)
                                  150 Broadway, 23rd Floor
                                  New York, New York 10038
                                  (212) 285-3800

TO:
**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ERICA MERCADO,

                Plaintiff,

       -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
-------------------------------------------------------------------X

RESPONSE TO NOTICE
FOR DISCOVERY &
INSPECTION OF
SOCIAL NETWORK
SITES

Index No.: 524866/2020

S I R S:

Plaintiff, ERICA MERCADO as and for her response to to notice for discovery & inspection of social network sites, by her attorneys, upon information and belief, respectfully allege(s):

        1. – 24. Social Media Information: Objection: This demand is improperly overbroad and burdensome and must be narrowed. See *Forman v. Henkin*, 30 N.Y.3d 656, 664-665 (2018) ("we agree with other courts that have rejected the notion that commencement of a personal injury action renders a party's entire Facebook account automatically discoverable (see e.g. *Kregg v. Maldonado*, 98 A.D.3d 1289, 1290 ... [4th Dept 2012] [rejecting motion to compel disclosure of all social media accounts involving injured party without prejudice to narrowly-tailored request seeking only relevant information]; [...] Directing disclosure of a party's entire Facebook account is comparable to ordering discovery of every photograph or communication that party shared with any person on any topic prior to or since the incident giving rise to litigation — such an order would be likely to yield far more non-relevant than relevant information. Even under our broad disclosure paradigm, litigants are protected from 'unnecessarily onerous application of the discovery statutes' (*Kavanaugh, supra*, 92 N.Y.2d at 954).".

    **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend these responses up to the time of trial.

DATED: New York, New York
        August 27, 2021

                                        Yours, etc.,

                                        SUBIN ASSOCIATES, LLP
                                        Attorney for Plaintiff(s)
                                        150 Broadway, 23rd Floor
                                        New York, New York 10038
                                        (212) 285-3800

TO:

**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

FILE #: 30620

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

ERICA MERCADO,

                 Plaintiff,

      -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant.
------------------------------------------------------------------X

**RESPONSE TO
DEMAND PURSUANT
TO CPLR§3107 RELIEF**

Index No.: 524866/2020

S I R S:

    Plaintiff, ERICA MERCADO as and for her response to demand pursuant to CPLR §3107 relief, by her attorneys, upon information and belief, respectfully allege(s):

    1. Total Damages: To be determined by the finders of facts.

    **PLEASE TAKE NOTICE** that plaintiff reserves the right to supplement and/or amend these responses up to the time of trial.

DATED: New York, New York
       August 27, 2021

                        Yours, etc..

                        SUBIN ASSOCIATES, LLP
                        Attorney for Plaintiff(s)
                        150 Broadway, 23rd Floor
                        New York, New York 10038
                        (212) 285-3800

TO:

**KELLER, O'REILLY & WATSON, P.C.**
Attoneys for Defendant
SCHINDLER ELEVATOR CORPORATION
242 Crossways Park West
Woodbury, New York 11797
Tel.: (516) 496-1919

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK     )
                            )ss:
COUNTY OF NASSAU     )

       I, KARYN McCALLEN, being duly sworn, says:  I am not a party to the action, am over 18 years of age and reside in Suffolk County, New York.

       On February 15, 2022, I served the within *Notice to Supreme Court of Removal, Civil Cover Sheet, Jury Demand, and Notice of Removal of Civil Action with Exhibit,* upon the following:

                SUBIN ASSOCIATES, LLP
                *Attorneys for Plaintiff*
                150 Broadway – 23rd Floor
                New York, New York 10038
                (212) 285-3800
                File No.: 30620

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the above-named persons at the last known address set forth after each name.

                                      KARYN McCALLEN

Sworn to before me this
15th day of February, 2022.

        Notary Public

DIANE BUONDELMONTE
Notary Public, State of New York
No. 01BU4712263
Qualified in Nassau County
Commission Expires March 30, 2022



# NYSCEF Confirmation Notice

## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 02/14/2022 05:51 PM. Please keep this notice as a confirmation of this filing.

**524866/2020**

**ERICA MERCADO v. SCHINDLER ELEVATOR CORPORATION**

**Assigned Judge: None Recorded**

## Documents Received on  02/14/2022 05:51 PM

| Doc # | Document Type |
|-------|---------------|
| 10    | NOTICE OF REMOVAL / REMAND (PRE RJI) |

## Filing User

Patrick J. Engle | pengle@kowlaw.com
242 Crossways Park Dr W, Woodbury, NY 11797

## E-mail Notifications

An email regarding this filing has been sent to the following on 02/14/2022 05:51 PM:

**PATRICK J. ENGLE - pengle@kowlaw.com**
**KEVIN W. O'REILLY - koreilly@kowlaw.com**
**HERBERT S. SUBIN - info@subinlaw.com**

---

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov**
Phone: Phone: 347-404-9766 or 347-404-9762     Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1



# NYSCEF Confirmation Notice

## Kings County Supreme Court

The NYSCEF website has received an electronic filing on 02/15/2022 10:02 AM. Please keep this notice as a confirmation of this filing.

**524866/2020**

**ERICA MERCADO v. SCHINDLER ELEVATOR CORPORATION**

**Assigned Judge: None Recorded**

## Documents Received on   02/15/2022 10:02 AM

| Doc # | Document Type |
|-------|---------------|
| 11 | NOTICE OF REMOVAL / REMAND (PRE RJI) |

## Filing User

Patrick J. Engle | pengle@kowlaw.com
242 Crossways Park Dr W, Woodbury, NY 11797

## E-mail Notifications

An email regarding this filing has been sent to the following on 02/15/2022 10:02 AM:

**PATRICK J. ENGLE - pengle@kowlaw.com**
**KEVIN W. O'REILLY - koreilly@kowlaw.com**
**HERBERT S. SUBIN - info@subinlaw.com**

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov**
Phone: Phone: 347-404-9766 or 347-404-9762     Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1